NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NORTH JERSEY BRAIN AND SPINE CENTER, | Civil Action No. 16-1797 (WJM) |
| Plaintiff, | |
| v. | |
| | REPORT & RECOMMENDATION |
| AETNA LIFE INSURANCE COMPANY, *et al.*, | |
| Defendants. | |

**FALK, U.S.M.J.**

This is a healthcare payment dispute filed in state court. Before the Court is Plaintiff's motion to remand due to procedural defects in the removal process. [ECF No. 6.] The motion is opposed. No oral argument is necessary. Based upon the following, it is respectfully recommended that the motion be **GRANTED**.

**BACKGROUND**[1]

Plaintiff, North Jersey Brain & Spine Center, is a New Jersey-based medical practice specializing in neurosurgical procedures and the treatment of the brain and spinal

---

[1] This section is drawn from the pleadings and briefs submitted. Direct citations are omitted.

cord. There are twenty-six (26) defendants named in the Complaint. The primary Defendant, Aetna Life Insurance Co., is part of the Aetna-family of managed care companies consisting of plans providing healthcare coverage to members and their dependents, as well as administrative services to self-funded plans. Of the remaining 25 Defendants, two (2) are Aetna-related companies and twenty-three (23) are either self-insured funds or plan sponsors. Plaintiff claims that it rendered emergency medical care to 34 patients who were insured under healthcare insurance sponsored, funded, and/or administered by one of the twenty-six Defendants, and that it was not properly paid for services rendered.[2]

On February 16, 2016, Plaintiff filed the current suit in state court, asserting state law claims for breach of implied contract; breach of the covenant of good faith and fair dealing; unjust enrichment; *quantum meruit*; interference with economic advantage; business libel; violations of the New Jersey Healthcare Information Networks and Technologies Act ("HINT"); and violations of New Jersey regulations governing the

---

[2] The three Aetna defendants are: Aetna Life Insurance Co.; Aetna Health, Inc.; and Aetna Health Insurance Co. (collectively, "Aetna"). There are nine self-insured plan defendants: Bank of America Corp.; Marriot International, Inc.; Teamsters Western Region & New Jersey Health; Securitas Systems, USA, Inc.; United Benefit Fund; Mason Tenders' District Council Welfare Fund; Bergen Municipal Employee Fund; United Airlines, Inc.; and Costco Wholesale Corp. There are 14 defendants referred to as "Other Plan Defendants": Creative Management Services LLC; KPMG LLP; Reynolds America Inc.; BioReference Laboratories, Inc.; Quest Diagnostics, Inc.; Aramak Corp.; SDK Apartments, LLC; Tyco International Management Co., LLC; The Bank of New York Mellon; Techmedia Network, Inc.; Bazing, LLC; TD Bank NA; Brooker Engineering, PLLC; and Tension Envelope Corp.

payment of emergency services. At or around the same time, Plaintiff separately filed a second, independent action, just against Aetna, in state court (the "second complaint").

On March 17, 2016, Aetna attempted to remove both cases to federal court, alleging that most, if not all, of the plans at issue are governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), preempting Plaintiff's state law claims and giving rise to federal question jurisdiction under 28 U.S.C. § 1331.

However, in attempting to remove the two separate cases, Aetna attached the second complaint to both removal petitions, resulting in a duplicate removal and the current complaint not being technically removed. Apparently upon discovering the mistake, the duplicate removal (Civil Action No. 16-1545) was dismissed. See Civ. A. No. 16-1545, ECF No. 7.

On March 31, 2016, the current docket was amended to include the correct notice of removal and complaint, with a retroactive removal date of March 17, 2016.

On April 18, 2016, Plaintiff filed the current motion to remand, arguing that, even as amended, the removal is procedurally deficient and the case must be remanded pursuant to 28 U.S.C. § 1447(c). Specifically, Plaintiff claims that Defendants' amended notice of removal violates a procedural rule commonly referred to as the rule of unanimity—that is, a requirement that all defendants join in the notice of removal, see, e.g., Balazik v. County of Dauphin, 44 F.3d 209, 213 (3d Cir. 1995)—because Defendant Bazing LLC did not join in, or provide timely consent to, the removal of this case.[3]

---

[3] Procedural defects are not jurisdictional and must be raised by the party seeking to remand within 30 days, cannot be raised by the Court *sua sponte*, and are waived if not

3

Defendants oppose the motion, arguing that removal was proper and that any Defendant that has not joined in the removal should be considered nominal and excused from joining in the removal petition.

As is explained below, the rule of unanimity is strictly enforced. It is applied regardless of the number of Defendants in the case, and attempts to amend or later justify non-joinder of defendants are rejected. Here, at least one defendant did not timely join in the notice of removal. For that reason, the case should be remanded.

## DISCUSSION

**A.     Removal Generally**

The federal removal statute provides that "[e]xcept as otherwise provided by Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The removing party bears the burden of demonstrating that the removal was proper. See Boyer v. Snap-On Tools, Inc., 913 F.2d 108, 111 (3d

---

timely raised. See, e.g., Korea Exchange Bank v. Trackwise Sales Corp., 66 F.3d 46, 48 (3d Cir. 2003). A challenge to the Court's subject matter jurisdiction, on the other hand, can be made at any time, and subject matter jurisdiction can never be waived. See, e.g. Wis. Dep't Corr. v. Schacht, 524 U.S. 381, 392 (1998). The current motion addresses a "procedural" defect. Balazik, 44 F.3d at 214 (lack of unanimity is procedural). However, Plaintiff has also filed a separate "jurisdictional" motion to remand this and the related case of *New Jersey Brain & Spine v. Aetna Life Ins. Co., et al.*, 16-1544. (See ECF No. 17; Civ. A. No. 16-1544, ECF No. 10.) In that motion, Plaintiff challenges Defendants' contention that the claims in this case are preempted by ERISA. Since the procedure for removing this case is defective and alone warrants remand, there is no need to reach the "jurisdictional" issues raised in the second motion.

Cir. 1990). A district court "must resolve all contested issues of substantive fact in favor of the plaintiff and must resolve any uncertainties about the current state of controlling substantive law in favor of the plaintiff." Thompson v. Novartis Pharm. Co., 2007 WL 1521138, at *2 (D.N.J. May 22, 2007) (quotations omitted). Removal is strictly construed and all doubts are resolved in favor of remand. See Samuel-Bassett v. Kia Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004).

## B.    **The Rule of Unanimity**

"Removal is a statutory right, and the procedures to effect removal must be followed." Lewis v. Rego, 757 F.2d 66, 68 (3d Cir. 1985). It is well-established that all defendants must join in the notice of removal—often referred to as "the rule of unanimity." Balazik, 44 F.3d at 213; see Step Plan Services v. Koresko, 219 Fed. Appx. 249, 250 (3d Cir. 2007) ("[Defendant] failed to obtain the unanimous consent of all defendants before seeking to remove the case to federal court. Therefore, his removal was procedurally defective.").

The rule of unanimity requires that all properly joined defendants file, join, or consent to removal within 30 days of service of the Complaint. See 28 U.S.C. § 1446; New York Reg'l Rail Corp. v. Bridges, No. 06-44, 2006 WL 1722631, at *3 (D.N.J. June 30, 2006) (all proper defendants must "join in the notice of removal or give their consent within the thirty day period for the removal to be proper."). The rule applies regardless of whether a defendant has entered an appearance in state court. See Aqua-Gulf Transp., Inc. v. Twin County Trans., 06-1952, 2006 WL 3591291, at *4 (D.N.J. Dec. 11, 2006). Further, unanimous consent is required even when there is a large number of defendants.

See Cacoilo v. Sherwin-Williams Co., 902 F. Supp. 2d 511, 518 (D.N.J. 2012) (remanding when 33 of 36 defendants joined); Pinnacle Choice v. Silverstein, 2008 WL 2003759, at *5 (D.N.J. May 6, 2008) (remanding when 30 of 31 defendants joined).  And, no matter the number of defendants, each must individually provide written consent to removal; defendants generally cannot speak for each other.  Ogletree v. Barnes, 851 F. Supp. 184, 188 (E.D. Pa. 1994).

Despite the stringent nature of the rule, the non-joinder of a defendant can be excused in three circumstances: (1) when the non-joining defendant or defendants are unknown or nominal parties; (2) where a defendant has been fraudulently joined; or (3) when a non-resident defendant has not been served at the time of removal.  See Balazik, 44 F.3d at 213 n.4.

If it is determined that the rule has been violated and no exception applies, the defect cannot be cured and remand is required.  See, e.g., Cacoilo, 902 F. Supp. at 518 ("The subsequent filing of an untimely notice of consent is of absolutely no moment, does nothing to cure the defect in removal procedure, and is properly rejected by the court."); 14C Charles A. Wright, et al. Federal Practice & Procedure § 3739 ("Thus, courts often allow removing defendants, or other parties, to cure failures to file with the district court all process, pleadings, and orders served on the defendants in state court . . . . *On the other hand, other defects in the removal procedure cannot be cured.  For example, if fewer than all defendants who must join in the removal fail to do so within the time prescribed in Section 1446 . . . that defect cannot be cured*." (emphasis added)).

6

### C. Unanimity is Not Present; Remand is Required

It is effectively undisputed that at least one Defendant—Bazing, LLC—did not participate in the removal of the case and did not provide written consent to removal within 30 days. Therefore, the case must be remanded unless an exception to the rule of unanimity applies. Aetna contends that there are two, arguing that Bazing is a nominal party and that it was not properly served. Ultimately neither has merit.

**First**, Aetna did not identify Bazing as nominal in the removal petition. Good removal practice generally requires that the removal petition itself state the reason why the consent of non-joining parties is unnecessary. See, e.g., Lewis v. Rego, 757 F.2d 66, 69 (3d Cir. 1985) ("[T]he removal petition will be effective *provided that it alleges that the defendants who did not join in it were not served in the state proceeding* (emphasis added)); PP Farmers' Elvtr. Co. v. Farmers Elvtr. Mut. Ins. Co., 395 F.2d 546, 548 (7th Cir. 1968) ("[W]here the suit involves multiple defendants and one or more of the defendants does not join in the petition, better practice dictates that the petition expressly indicate why, e.g., that he is a nominal party or was not served at the time of filing the petition."). While not necessarily a standalone reason for remand, it does suggest that at the time of removal Bazing was not considered nominal.

**Second**, removal statutes are strictly construed, and Aetna has not established that Bazing is a "nominal" party. In the remand context, determining whether a party should be considered nominal is a practical inquiry focused on the particular facts and circumstances of the case. Hartford Fire Ins. Co. v. Harleysville Mut Ins. Co., 736 F.3d 255, 259-61 (4th Cir. 2013). In general, nominal is considered "trifling" or "existing in

7

name only." Id.  Examples of nominal parties include John Doe defendants or insurance stakeholders—i.e., an interpleader insurance dispute.  See, e.g., Green v. America Online, 318 F.3d 465, 470 (3d Cir. 2003) (doe defendants); Miller v. Principal Life Ins. Co., 189 F. Supp. 2d 254, 256 (E.D. Pa. 2002) (insurance stakeholder).

Aetna claims Bazing is nominal for two reasons:  (1) Bazing operates a fully insured plan and that any money owed in this matter would allegedly paid by Aetna, essentially contending that Aetna is the real party-in-interest; and (2) the claim relating to Bazing has already been paid in full.  The arguments fall short.

Aetna has not established that Bazing is free from liability in this case. Plaintiff has pleaded direct state law claims against Bazing for, *inter alia*, breach of contract and business libel.  It specifically alleges that Bazing promised its employees health benefits and breached that promise through its relationship with Aetna.  Plaintiff also disputes that the plan is fully funded and contends that the actual Bazing plan gives no indication whether it is fully or self funded.  In other words, Plaintiff claims that it has legitimate and direct state law claims against Bazing, which at this stage of the proceedings must be taken as true.  Thompson v. Novartis Pharm. Co., 2007 WL 1521138, at *2 (D.N.J. May 22, 2007).  This is not a "Doe" defendant or a mere insurance stakeholder; direct and substantive allegations in a pleading filed pursuant to Rule 11 have been made against the company.

Much of Aetna's argument hinges on the presumption that ERISA preempts Plaintiff's claims and that they are the only proper ERISA defendant in the case.  However, Aetna has not established preemption at this time.  Nor is a fulsome preemption

analysis into the merits of the case appropriate when evaluating the preliminary question of whether a party is "nominal" for purposes of joining in a removal petition, which is somewhat surface inquiry.[4]

With respect to the fact that Aetna allegedly paid the Bazing-related claim, the amount of that payment and the timing of same are disputed. It appears clear that no payment was made until *after* the case was removed. Post-removal payment does not speak to whether a party was "nominal" when the case was removed; indeed, it could plausibly suggest an attempt to eliminate an impediment to removal by resolving the claims against a non-joining party. More important, Plaintiff <u>disputes</u> that Bazing's claim has been "fully paid," contending that only a partial payment has been made and that additional money is owed. And even assuming the benefit claim was paid in full, payment on such a claim would not seem to resolve, for example, the business libel claim, for which additional damages could be sought.

While it may ultimately be that Bazing is a minor party in this larger dispute, it hasn't been shown to be nominal. Nor has Bazing submitted anything timely consenting to removal or claiming nominal status.

**Third**, Aetna fails to establish that Bazing had not been served at the time of removal. Again, Bazing itself has not contended that service was improper. In fact, Plaintiff has submitted a certification stating that Bazing's counsel conceded service of

---

[4] Although it is the subject of a latter-filed and separate jurisdictional remand motion, it is not at all clear that ERISA would preempt any claims in this case, let alone all of them.

the Complaint.  (See Reply Certification of Eric D. Katz, Esq., ¶ 6; providing transcript of conversation with Bazing's counsel).

In sum, Aetna's removal of this case is procedurally defective.  Bazing did not timely join in the notice of removal.  Indeed, the Court still has not been provided with Bazing's written consent to removal.  Plaintiff has alleged numerous state law claims against Bazing, and Aetna has not carried its burden to show that Bazing is either a nominal party or that it was an unserved party.  As stated, removal is strictly construed and all doubts are resolved in favor of remand.[5]

## CONCLUSION

For the reasons stated above, it is respectfully recommended that Plaintiff's motion to remand pursuant to 28 U.S.C. § 1447(c) [ECF No. 6] be **GRANTED**.

s/Mark Falk
**MARK FALK**
**United States Magistrate Judge**

**DATED: November 22, 2016**

---

[5] For the first time in its reply papers, Plaintiff also contends a second defendant—Quest Diagnostics—did not timely consent to removal of the case.  Plaintiff essentially alleges that the Aetna's counsel stated—mistakenly but innocently—that it represented Quest and was removing the case on its behalf, while in actuality Quest had not yet retained Aetna's law firm.  (Pl.'s Reply Br. 2-3.)  Plaintiff further contends that, ultimately, the same counsel was retained 46 days after Quest was served and only after the case was already removed.  (Id.)  Since this issue was raised for the first time in reply papers, the Court does not base the decision on this point.  However, it is possible that unanimity may be lacking on this additional basis.